# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7894 | **DATE** | 8/15/2012 |
| **CASE TITLE** | Morrison, et al. vs. Protective Life Insurance Company | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Defendant's motion for leave to file its proposed amended answer and affirmative defenses [51]. Defendant is directed to file its amended answer (attached to its motion) within 14 days of the date of this order.

■ [ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Defendant Protective Life Insurance Company seeks leave of court to amend its answer and affirmative defenses to add a statute of limitations affirmative defense. Defendant maintains that it first gained sufficient facts to support the affirmative defense during the depositions of Plaintiffs Joseph and Donald Morrison, which occurred in September 2011. Defendant then filed its motion to amend in January 2012, concurrent with the filing of its summary judgment motion. Plaintiff opposes Defendant's motion, arguing that the amendment is untimely and would be futile.

In general, motions for leave to amend a complaint are freely granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). The Seventh Circuit teaches that leave to amend should be given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citation omitted). Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits. See *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss.").

There is no prejudice to Plaintiffs in allowing Defendant to amend its answer. Plaintiffs have had notice of the defense for some time and, in fact, both parties have extensively briefed the statute of limitations issue in their summary judgment materials. See, *e.g., Lyon Financial Services, Inc. v. Jude's Medical Center, Ltd.*, 2011 WL 6029195, at *4 (N.D. Ill. Dec. 11, 2011) (granting defendant's motion to add an affirmative defense where plaintiff had fair opportunity to address the issue in its reply in further support of its motion for summary judgment); *West v. U.S.*, 2010 WL 4781146, at *3 (S.D. Ill. Oct. 25, 2010) (granting defendant's motion for leave to amend answer to assert an affirmative defense briefed and argued on summary judgment where plaintiff had

**STATEMENT**

opportunity to respond to defendant's motion to amend and motion for summary judgment); *Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825, 850-51 (N.D. Ill. 2006) (rejecting plaintiff's argument that defendant waived statute of limitations defense by asserting it for first time on summary judgment because plaintiff had opportunity to respond in its response brief and thus suffered no prejudice); see also *Robinson v. Sappington*, 351 F.3d 317, 333 (7th Cir. 2003) (no abuse of discretion where district court permitted defendants to amend answers to assert additional affirmative defenses first raised on summary judgment because plaintiff had notice of the defenses and the opportunity to respond).

Furthermore, an extensive inquiry into the merits, as suggested by Plaintiffs, is premature on a Rule 15 motion. Reviewing Defendant's statute of limitations defense and construing the allegations and inferences in Defendant's favor, the Court does not find Defendant's defense to be "futile" in the Rule 15 sense. Defendant's allegations are sufficient to put Plaintiffs on notice of both the legal theory and facts supporting the defense.

Given the liberal standards that govern a motion for leave to amend a pleading, and perceiving none of the denial factors to be overwhelmingly present, the Court grants Defendant's motion for leave to file its proposed amended answer and affirmative defenses [51]. Whether the defense has merit remains to be seen and will be addressed by the Court in ruling on the parties' cross motions for summary judgment.